UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| ABDUL VANN,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>LORI KALINDA,<br><br>　　　　　　　Respondent. | 3:23-CV-03019-RAL<br><br><br>OPINION AND ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR WRIT OF HABEAS CORPUS |

Petitioner Abdul Vann has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. According to his petition, Vann is in pretrial detention, and he seeks dismissal of the charges against him and immediate release "based on lack of probable cause and insufficient evidence[.]" Id. at 9. Vann moves for leave to proceed in forma pauperis. Docs. 2, 4.

**I.      Factual Background**

Vann made his initial appearance on February 27, 2023. Doc. 19 at 1 in 23-CR-30025. He was charged with conspiracy to distribute a controlled substance and possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Doc. 1 in 23-CR-30025. Vann pleaded not guilty to the charges, waived a detention hearing, and consented to remain in custody. Doc. 56 in 23-CR-30025. Vann executed a plea agreement, Doc. 152 in 23-CR-30025, pleaded guilty before the undersigned, Doc. 157 in 23-CR-30025, and is scheduled to be sentenced on October 10, 2023, Doc. 187 in 23-CR-30025.

In his petition, Vann alleges that law enforcement officers made false statements under oath to support his arrest and was therefore arrested without probable cause. Doc. 1 at 11. He alleges that the government failed to preserve exculpatory video evidence. Id. at 3. He asserts that his defense counsel was ineffective because he did not raise the issues that Vann presents in his petition. Id. at 7. As a result, Vann alleges that he is in custody in violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Id. at 1, 11–13.

## II.     Motion to Proceed In Forma Pauperis

The Court has reviewed Vann's motion, Docs. 2, 4, and find that he is indigent. Accordingly, the Court grants his motion for leave to proceed in forma pauperis and waives his $5.00 filing fee. See Malave v. Hedrick, 271 F.3d 1139, 1139-40 (8th Cir. 2001) (stating that the filing-fee provisions of the Prison Litigation Reform Act are inapplicable to habeas corpus actions).

## III.    Screening

This Court is to "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled" to relief. 28 U.S.C. § 2243. Thus, this Court must screen Vann's petition and dismiss the petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court[.]" Rule 4 of the Rules Governing Section 2254 Cases; see Rule 1(b) of the Rules Governing Section 2254 Cases (extending the screening rule to petitions filed under § 2241).

In essence, Vann's petition requests that this Court dismiss the federal criminal charges pending against him in the District of South Dakota, 3:23-CR-30025-RAL. See Doc. 1 at 3. "[W]here habeas claims raised by a pretrial detainee would be dispositive of the pending

criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by presenting them at trial and then on direct appeal." Moore v. United States, 875 F. Supp. 620, 624 (D. Neb. 1994). Vann must exhaust his claims by raising them in the pending criminal matter and then on direct appeal. If Vann believes himself to have an ineffective assistance of counsel claim remaining after completing any direct appeal, he may file a motion under 28 U.S.C. § 2255. Section 2241 relief is not available to Vann at this time.

Therefore, it is hereby

ORDERED that Vann's motion to proceed in forma pauperis, Docs. 2, 4, is granted, and his $5.00 filing fee is waived. It is further

ORDERED that Vann's petition for Writ of Habeas Corpus, Doc. 1, is denied without prejudice to any claim being made in his criminal case, on direct appeal, or in a later timely-filed motion under 28 U.S.C. § 2255.

DATED this 14th day of September, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE